IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff,**

v.                                          Case No. 07-20168-13-JWL

**Harold Wallace,**

    **Defendant.**

### **MEMORANDUM & ORDER**

In April 2009, Harold Wallace entered a plea of guilty to one count of conspiracy to possess with intent to distribute cocaine and cocaine base and one count of attempted possession with intent to distribute cocaine. Mr. Wallace's presentence investigation report calculated a base offense level of 32 under U.S.S.G. § 2D1.1;[1] a two-level firearm enhancement; a three-level enhancement based on Mr. Wallace's role in the offense; and a two-level reduction for his acceptance of responsibility. The court, then, ultimately determined that Mr. Wallace's total offense level was 35 and assigned a criminal history category of V. The resulting advisory guideline range for imprisonment was 262 to 327 months. The court sentenced Mr. Wallace to a sentence of 300 months.

---

[1] At Mr. Wallace's sentencing hearing, the court attributed 13,190.63 kilograms of marijuana equivalent to Mr. Wallace, yielding a base offense level of 36 under the guidelines at that time. The court adjusted that level by subtracting two levels in accordance with Application Note 10(D) of U.S.S.G. § 2D1.1, bringing the offense level to 34. But because the presentence report attributed quantities to Mr. Wallace consistent with a base offense level of 32, and the government did not object to that calculation, the court capped the base offense level at 32 despite the fact that the evidence at the sentencing hearing established drug quantities sufficient to meet a higher base offense level.

This matter is before the court on Mr. Wallace's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) in which he asks the court to reduce his sentence based on Amendment 782 to the United States Sentencing Guidelines which took effect on November 1, 2014 and lowers the base offense levels in the Drug Quantity Table. Under the amended guidelines, Mr. Wallace's total offense level is 33. With a criminal history category of V, his amended guideline range is 210 months to 262 months imprisonment. In his motion for reduction, Mr. Wallace requests that the court resentence him in accordance with the amendment, but he does not suggest a specific sentence. In a separate letter recently sent to the court, however, Mr. Wallace requests a sentence of 210 months in light of the progress that he has made while in the custody of the BOP, particularly over the last two years. The government argues that Mr. Wallace is not eligible for a reduction and, to the extent that the court finds that Mr. Wallace is eligible for a reduction, that a reduction is not warranted in any case.

Following the Supreme Court's decision in *Dillon v. United States*, 560 U.S. 817 (2010), the Tenth Circuit has recognized that § 3582(c)(2) "prescribes a two-step inquiry for determining whether a defendant is entitled to have his originally-imposed sentence reduced: the first question, a matter of law, is whether a sentence reduction is even *authorized*; the second question, a matter of discretion, is whether an authorized reduction is in fact *warranted*." *United States v. White,* 765 F.3d 1240, 1245 (10th Cir. 2014) (emphasis in original). In determining whether a sentence is warranted, the district court must "consider the § 3553(a) sentencing factors, including the nature, seriousness, and circumstances of the offense, the history and characteristics of the defendant, the need to protect the public from further crimes of the

2

defendant, and any threat to public safety." *United States v. Meridyth*, 573 Fed. Appx. 791, 794 (10th Cir. 2014) (citations omitted).

In its response to Mr. Wallace's motion, the government contends that Mr. Wallace is not eligible for a reduction because the 13,190.63 kilograms of marijuana equivalency yields a base offense level of 34 under the amended guidelines and a total offense level of 37 (factoring in the firearm and role-in-the-offense enhancements and the AOR reduction).[2]  According to the government, even if the court caps the base offense level at 32 based on the government's failure to object to the drug quantities in the PSR, Mr. Wallace's total offense level, at best, remains a 35 such that the guidelines range remains unchanged for Mr. Wallace.  The government's argument, however, fails to convert the drug quantities attributable to Mr. Wallace under the current drug equivalency tables, Mr. Wallace is responsible for 2,710.569 kilograms of marijuana equivalent.[3]  Under the revised drug quantity table, this quantity corresponds to a base offense level of 30.  After factoring in the applicable enhancements and AOR reduction, then, Mr. Wallace's total offense level, as argued by Mr. Wallace, is 33.  Coupled with a criminal history score of V, Mr. Wallace's amended guideline range is 210 months to 262 months.

Having concluded that Mr. Wallace is eligible for a reduction, the court turns to whether a reduction is warranted.  The government contends that no reduction is warranted because of

---

[2] The parties agree that the 2-level reduction applied to Mr. Wallace under Application Note 10(D) has been eliminated and is no longer available to Mr. Wallace.

[3] At Mr. Wallace's initial sentencing, the 637.9 grams of crack cocaine attributable to Mr. Wallace converted to 12,758 kilograms of marijuana.  Now, 637.9 grams of crack cocaine converts to 2277.9409 kilograms of marijuana.

Mr. Wallace's disciplinary record while in the custody of the Bureau of Prisons. The court rejects this argument, as it has done in other cases. The court believes that Mr. Wallace's post-sentencing misconduct should not prevent him from receiving the adjustment to which he is otherwise entitled. The Bureau of Prisons has adequate sanctions at its disposal to address Mr. Wallace's violations. Moreover, in resentencing eligible defendants under Amendment 782, the court endeavors to determine what sentence a particular defendant should have received had the revised drug tables been in effect at that time. That determination necessarily would not include post-sentencing misconduct. Thus, absent any indication from the Tenth Circuit that the court must or should take into account post-sentencing conduct (as opposed to recognizing that a court has discretion to consider post-sentencing conduct), the court will continue to permit the BOP to address a defendant's post-sentencing misconduct rather than punishing a defendant for that conduct in connection with resentencing under Amendment 782.

For the foregoing reasons, the court concludes that a reduction is warranted and, consistent with its practice, will resentence Mr. Wallace to the same point within the amended range as it did in connection with Mr. Wallace's original sentence. While Mr. Wallace has written to the court requesting a low-end sentence, the court does not believe that a greater reduction is warranted in light of this court's approach to resentencing defendants under Amendment 782; that is, to attempt to determine what sentence Mr. Wallace would have received had the revised drug quantity tables been in effect at the time of Mr. Wallace's original sentencing. Thus, while the court commends Mr. Wallace for his efforts to rehabilitate himself, the court declines to give Mr. Wallace a low-end sentence. Based on the court's calculations, a sentence of 240 months represents the same guideline point in the amended range as the court

utilized in calculating Mr. Wallace's initial sentence of 300 months.[4]  For the foregoing reasons, the court believes that a sentence of 240 months is appropriate.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Wallace's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (doc. 1707) is **granted as described herein** and Mr. Wallace's sentence is **reduced from 300 months to 240 months imprisonment**.  All other provisions of the amended judgment dated March 16, 2010 shall remain in effect.

**IT IS SO ORDERED.**

Dated this  2nd day of November, 2015, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

.

---

[4] The court calculated 240 months by (1) calculating the number of months by which the original sentence exceed the low-end of the guideline range; (2) dividing that number by the number of months in the original guideline range; (3) multiplying the resulting percentage by the number of months in the amended range; and (4) adding that number to the low end of the new range