IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-20168-13-JWL |
| ) | |
| HAROLD WALLACE, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant's *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. # 1903).  For the reasons set forth below, the Court **denies** the motion.

Defendant seeks immediate release from prison under 18 U.S.C. § 3582(c)(1)(A). That statute allows a defendant to bring a motion for reduction of a term of imprisonment "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *See id.*  In his motion, defendant indicated that he had not received a response to his request to the warden, and he made clear in his reply that he submitted such a request on March 21, 2020 (more than 30 days before he filed the present motion).  In light of the reply and the fact that the Government had argued only exhaustion without addressing the merits in

its original response, the Court ordered an additional response from the Government, in which the Government was told that if it disputed that defendant had submitted a request more than 30 days prior to the motion, it could so indicate. Despite that instruction, the Government again argued a failure to exhaust in its supplemental response, although it did not dispute that defendant had submitted a request on March 21, 2020. Such a request satisfies the statute's exhaustion requirement. *See id.* Accordingly, the Court concludes that it has jurisdiction to consider the merits of defendant's motion.

Section 3582(c)(1)(A) provides that a court may reduce a term of imprisonment for "extraordinary and compelling reasons." *See id.* The moving defendant bears the burden of establishing that such a "compassionate release" is warranted under the statute. *See United States v. Jackson*, 2020 WL 2812764, at *2 (D. Kan. May 29, 2020) (Lungstrum, J.) (citing cases). A court exercises its discretion in ruling on such a motion. *See id.*

Defendant bases his request for relief on the coronavirus pandemic and his diagnosis of hypertension. The Court concludes in its discretion, however, that defendant has not met his burden to show that extraordinary and compelling circumstances warrant his immediate release from prison. Defendant has not established that he suffers an increased risk of severe illness if infected with the virus. Defendant claims to have been diagnosed with hypertension, but he also indicates that the condition is treated with medication. The CDC does not include hypertension, a common condition also known as high blood pressure, among its list of conditions for which there is an increased risk of severe illness from the COVID-19 virus; rather, the CDC's website states only that hypertension "may" result in an increased risk and that studies have returned mixed results on the question. *See*

www.cdc.gov/coronavirus/2019-ncov. Nor has defendant shown that he faces a relatively high risk of contracting the virus in his prison. The Bureau of Prisons has implemented measures in defendant's facility, FCI Lewisburg, and in other facilities to control outbreaks, particularly with respect to higher-risk inmates. Defendant argues that proper distancing is not possible at his facility. Most significantly, however, and as conceded by defendant, there has not been a single reported case of this virus among inmates at Lewisburg (with one staff member having recovered from the virus). *See* www.bop.gov/coronavirus. Defendant has simply not shown that he bears a relatively high risk of serious medical harm, and the Court is not prepared to order the release of any and all inmates, solely because of the pandemic, in the absence of such a particularized risk.

In addition, this is not a case in which the inmate has only a short time left to serve. Defendant still has nearly six years remaining on his term of imprisonment, and the Government maintains a valid public interest in incarcerating him in accordance with the terms of his lawful sentence.

Accordingly, the Court in its discretion concludes that defendant has not shown that extraordinary and compelling reasons warrant his release from prison. The Court therefore denies the instant motion for relief under Section 3582(c)(1)(A).


IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. # 1903) is hereby **denied**.

IT IS SO ORDERED.

Dated this 8th day of July, 2020, in Kansas City, Kansas.

                                           *s/ John W. Lungstrum*
                                           John W. Lungstrum
                                           United States District Judge